[No. 7854.]

LOUDEN IRRIGATING CANAL & RESERVOIR COMPANY ET AL. v.
THE TOWN OF BERTHOUD

1. APPEALS AND ERROR—*Appellant Must Show Injury.* A decree
will not be disturbed upon the complaint of a party who shows no
specific injury.   (380)

2. ——*What May Be Assigned for Error—Consent.* A party will
not be heard to complain of a decree to which he expressly consented.
Even allegations of a departure from the statute, in a statutory pro-
ceeding, will not be considered.   (380)

3. ——*Questions not Presented Below.* Appellant will not be
heard to contend in the court of review that his consent to a decree,
in the District Court, was obtained by fraud, where no such contention
was made below.   (380)

4. ——*Errors not Assigned.* Findings not assigned for error will
not be disturbed.   (380)

*Appeal from Boulder District Court.*—Hon. HARRY
P. GAMBLE, Judge.

Mr. L. R. RHODES, Mr. N. C. FARNWORTH, Mr. JOHN
H. SIMPSON, for appellants.

Mr. FRED W. STOW, Mr. P. D. NELSON, Mr. HOMER S.
STEPHENS, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

In 1904, proceedings were instituted in the District
Court of Boulder county under the General Adjudication
Statutes of the State of Colorado, for the purpose of
adjudicating priorities of rights to the use of water in
Water District No. 4.   Afterward the town of Berthoud,
the appellee herein, filed its statement of claim in said
proceedings.   The court appointed T. M. Robinson as
referee to take testimony generally and report his find-
ings and proposed decree to the district court.

The referee proceeded to take testimony, and afterward filed his findings and proposed decree. Subsequently the city filed a supplemental statement. On the 4th day of March, 1907, it being made to appear to the court that the Big Line Ditch Company, claimant of an irrigation ditch, had not received notice of the pendency of the proceeding to adjudicate the priority rights of said ditch, and desiring to offer evidence in said matter to establish its priority of right to the use of water for its said ditch, and that the referee theretofore appointed, T. M. Robinson, was at that time a non-resident of the state of Colorado, an order was entered to re-refer the case to Christian A. Bennett as referee, to hear evidence, and to report his findings in the entire proceeding, both upon the evidence theretofore produced, and to be produced thereafter, and to propose any additional or supplemental decree to that proposed by the former referee. Referee Bennet reported his findings and proposed decree to the District court on the 30th day of April, 1909. The final date for the consideration and hearing upon any exceptions and objections to be filed to such referee's report, was set for the 18th day of March, 1912, at which time all parties interested who had filed exceptions and objections to the proposed decree appeared before the court where such exceptions were heard, and on that day all such exceptions and objections were overruled, and a decree entered by the District Court confirming the findings and proposed decree of the last named referee. The court in the decree and at the time, fixed the first day of April, 1912, as the date and time for making formal exceptions to the decree entered by the court on the said 18th day of March, 1912.

The statement of the city shows that it commenced the construction of its pipe-line November 1st, 1886; that the pipe-line derives its supply of water from the Big Thompson creek, through the Handy Ditch; that the water is conducted through said ditch, and a lateral thereof, into a reservoir, and from thence by a pipe-line to the city; that from April to September water is drawn from said reservoir to supply the city; that from September

to March in each year water is stored in the reservoir and conveyed by pipe-line to the main pipe-line and through which it is conveyed to the city; that said city has an appropriation for filling said reservoir, of nine cubic feet per second of time for said purposes through said pipe-line. The supplemental statement shows an enlargement and extension of the city's pipe lines, and alleges that its system of water works, including reservoirs, pipe-lines and filter plant, is owned by the city, and prays for an additional finding respecting the enlargement, and for a decree awarding it the priorities and appropriations necessary for the use and enjoyment thereof.

Prior to the entering of the said decree, all interested parties disclosed by the record, and including the appellants, with the exception of the Big Thompson Ditch and Manufacturing Company, filed their joint stipulation and agreement that the decree proposed by the referee, should be entered as the decree of the court.

This stipulation was filed on the 30th day of April, 1909, and omitting the signatures is as follows:

"It is further stipulated and agreed by the Town of Berthoud that it will on or before January 1st, 1920, build and construct from the head of the present pipe-line to a convenient point on the Big Thompson River, a pipe-line or water main of sufficient size and strength to economically carry and deliver to said Town of Berthoud such water as is necessary to supply its needs for domestic and municipal purposes; Provided, however, that the failure to build said pipe-line or water main shall in no case work a forefeiture, or in any wise affect, the three feet of water hereinafter decreed, and the only penalty to attach to such failure shall be the loss of the right to use the six feet additional water also hereinafter mentioned, which shall terminate on January 1st, 1920.

It is further stipulated and agreed that the case now pending in the District Court of Boulder County on the Petition of the Town of Berthoud for the transfer of nine cubic feet of water from Priority No. 1, Ditch No. 1, to the

headgate of the Handy Ditch, shall be dismissed at Petitioner's costs upon the entering of the decree as herein stipulated, to-wit.''

On the 1st day of April, 1912, the date fixed for making formal exceptions to the decree theretofore entered in the said proceedings, the appellants herein appearing for the first time, filed with the district court certain exceptions and protest to that portion of the decree concerning the right and appropriations of the said city.

The protest and exceptions were supported by affidavits and in so far as important to consider, are as follows:

''That after T. M. Robinson, as referee, had made his report, the town of Berthoud began proceedings in the District Court of Boulder County to transfer nine cubic feet of water from the Big Thompson Ditch No. 1, which had priority No. 1, on the Big Thompson River to the headgate of the Handy Ditch, to be used by the town of Berthoud for the purpose of operating its water works, but the said town of Berthoud made no filing with the said T. M. Robinson of such evidence or claim.

That on or about the 1st day of June, 1909, and while said transfer suit was pending, and while Christian A. Bennett was acting as referee in the matter of priorities, it was represented to protestants that the town of Berthoud would abandon that transfer suit and, in lieu of its rights to water from the Big Thompson No. 1, agree to the following stipulation (which stipulation being the same as above set out).

That at the time these protestants signed said stipulation they were led to believe the town of Berthoud was the owner of nine cubic feet of water, of appropriation No. 1 from the Big Thompson River, being Big Thompson Ditch No. 1. And this was the water that the town of Berthoud was seeking to transfer. That these protestants signed said stipulation believing that the town of Berthoud was the owner of this particular nine feet of water.

That after these protestants had signed said stipulation, and the same had been filed with the referee,

Bennett, the town of Berthoud dismissed its suit to transfer the said nine feet of water from Priority No. 1, Big Thompson Ditch No. 1, and state that the town of Berthoud was not the owner of said nine feet of water, but simply had an option thereon, to purchase from one Stevens, and that after it had secured the stipulation to be filed with the referee, Bennett, it abandoned its option, and that since the time of the abandonment of its option, the town has had no appropriation of water, or owned any appropriation of water except the appropriation set out in the statement of claim filed by it before the referee, T. M. Robinson.

That the decree proposed by the referee, Bennett (being the decree which was afterwards signed by the court), has no foundation, in fact was not based upon any appropriation of water from the Big Thompson River, and that it had no other basis other than the stipulation above set out. That there is no statement on file of this matter, upon which to base the decree as it applies to the town of Berthoud; that there is no evidence to support it; that it is not based upon any priority or appropriation made from the Big Thompson River, either by the town of Berthoud nor anyone else, to which it has succeeded; that it is an arbitrary and unwarranted decree, having no foundation in fact.

That this court has no jurisdiction to grant any such decree; that it cannot amend a decree unless it is based on some actual appropriation made from the river.

That even if said stipulation had been obtained properly, and in good faith, it would not have conferred upon the court or the referee any jurisdiction to make such a decree, ante-dating all priorities from the Big Thompson River; that same would be a fraud upon all other appropriators and a fraud upon the state."

The decree entered by the court upon the stipulation as before stated, and to which these exceptions and objections were made, is as follows:

"It is therefore ordered, adjudged and decreed by the court that the town of Berthoud shall have the per-

petual right to take from the Big Thompson River three (3) cubic feet of water per second of time as Priority No. 1 for domestic purposes as against all of the users of water from said river, except as against the city of Loveland, which city shall have equal priority with said town of Berthoud, at all times, for domestic purposes, to be temporarily diverted and carried by means of the Handy Ditch, during the irrigation season only, until a pipe-line shall be constructed from said river to said reservoir and terminus of the present pipe-line at all seasons of the year. Until said pipe-line is constructed, at such times during the irrigation season as there is not sufficient water for the needs of said town by reason of loss from seepage and evaporation in said Handy Ditch, additional water not exceeding six (6) cubic feet per second of time may be temporarily diverted into said Handy Ditch when required, in amount sufficient to supply the needs of said town, and no more, and no portion thereof shall be taken or used by any other water consumer from said Handy Ditch. After January 1, 1920, and prior thereto, if said pipe-line shall be extended to said river, the right to use said additional six (6) cubic feet of water per second of time aforesaid shall cease and determine. And that the proper officers enjoined with the duty of distribution of water in said water district shall at all times be governed by this decree in the distribution of water to said town of Berthoud.''

The said exceptions and objections were overruled by the court and from which action this appeal was taken.

Whether the appellants or any of them presented objections to the making and entering of the proposed decree does not appear, but it is not suggested that they did not have due notice thereof, or that they were not present, and no exceptions or objections appear to have been made or preserved at the time. Nor is error assigned for any such reason.

The objections and exceptions presented here, and the overruling of which is here assigned as error, were first presented on the 1st day of April, 1912, after the decree had been entered on the 18th day of March, 1912,

The stipulation for the entering of the proposed findings and decree was on file with the court for about three years before the decree was entered. It can make no difference that the appellant, the Big Thompson Ditch and Manufacturing Company, did not sign the stipulation, for it was a party to the proceeding with due notice.

Beside, the record nowhere discloses that this party has any rights or interests affected by the decree. Neither does the record disclose any specific injury or damage to any one of the appellants by reason of the decree in favor of the appellee; nor that such question was presented to the District Court for determination; nor does it appear that the question of fraud in obtaining signatures to the stipulation was made an issue upon the hearing. Indeed the judgment was not only entered without objection, but with the express consent of two of the three parties appealing.

Counsel for appellants broadly contend that the decree is not warranted by any statute of the state, and that it was entirely beyond the power and jurisdiction of the court to enter it. But no tangible questions in this regard were presented for the consideration of the trial court, nor here.

The court in that part of its decree not herein quoted, expressly preserved the rights of all parties to the appropriation and use of the waters of the stream for irrigation purposes as theretofore adjudicated.

The exceptions and objections so presented after the decree was entered, are based upon the alleged misapprehension under which the stipulation was signed. But the judgment must be said to rest primarily upon the findings of the referee, and not upon the stipulation, which must be held to be no more than the consent of parties to the entry of such judgment. The findings of the referee are not questioned on this appeal, and therefore cannot be disturbed by this court in this proceeding.

Counsel contend that the referee and the court seem to have proceeded on the theory that appropriations of water for domestic purposes, made at any period, takes precedence over all appropriations for other purposes, and assert that this is not the law. If so, it was the duty of appellants to have raised the question before judgment was rendered and they can not be permitted to do so afterward.

In this state of the record there does not appear to be any question for the determination of this court, properly here on appeal.

*Judgment is affirmed.*

CHIEF JUSTICE MUSSER and JUSTICE GARRIGUES concur.