**Sondra A. HOLLIDAY, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Bestop, Inc., and Colorado Compensation Insurance Authority, Respondents.**

**No. 98CA2199.**

Colorado Court of Appeals, Div. III.

Aug. 19, 1999.

Certiorari Granted May 15, 2000.

Wilcox & Ogden, P.C., Ralph Ogden, Denver, Colorado; Joan W. Froede, P.C., Joan W. Froede, Louisville, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Curt Kriksciun, Denver, Colorado, for Respondents Bestop, Inc., and Colorado Compensation Insurance Authority.

Opinion by Justice ERICKSON.*

In this workers' compensation proceeding, Sondra A. Holliday (claimant) seeks review of the final order issued by the Industrial Claim Appeals Office (Panel) upholding the denial and dismissal of her application for hearing on a claim for penalties pursuant to § 8–43–304, C.R.S.1998. We affirm.

Claimant sustained a compensable injury in 1994 while working for Bestop, Inc. Prior to hearing on the issues of maximum medical improvement (MMI) and permanent impairment, claimant, Bestop, Inc., and its insurer, Colorado Compensation Insurance Authority, (collectively employer) participated in a pre-trial/settlement conference before a Prehearing Administrative Law Judge (PALJ). The PALJ's conference summary sheet notes that employer had offered an evaluation and treatment with a particular physician.

The physician evaluated claimant and, finding that her chronic headaches were related to the industrial injury, recommended additional treatment. Employer refused to authorize the additional treatment, contending

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1998.

that its agreement extended only to the evaluation.

Following an evidentiary hearing on the various issues related to compensation, the Administrative Law Judge (ALJ) found that employer clearly authorized treatment by the physician and, as part of his order, directed that employer pay for such treatment.

Claimant then initiated this proceeding seeking penalties under the general penalty provision of § 8–43–304(1), C.R.S.1998, for employer's failure to provide the recommended treatment in violation of the agreement reached in the pre-trial/settlement conference before the PALJ. A different ALJ presided and determined that the "gravamen" of claimant's request for penalties concerned "medical benefits" and was, therefore, governed by the more specific penalty provision set forth in § 8–43–401(2)(a), C.R.S. 1998. Consequently, the ALJ dismissed the claim for penalties.

The Panel, in its review of the ALJ's order, upheld the determination that the applicable penalty provision was § 8–43–401(2)(a) and, accordingly, affirmed the dismissal of claimant's request for penalties under § 8–43–304(1).

In this appeal, claimant argues that the ALJ erred in determining that § 8–43–401(2)(a) governs her claim for penalties. We disagree.

Section 8–43–304(1) provides for the imposition of a penalty of up to $500 per day upon any party who:

> Violates any provision of articles 40–47 of this title, or does any act prohibited thereby, fails or refuses to perform any duty lawfully enjoined within the time prescribed by the director or panel, for which no penalty has been specifically provided, or fails, neglects, or refuses to obey any lawful order made by the director or panel or any judgment or decree made by any court ...

Section 8–43–401(2), C.R.S.1998, provides in pertinent part, that:

> (a) After all appeals have been exhausted or in cases where there have been no appeals, all insurers and self-insured employers shall pay benefits within thirty days of when any benefits are due. If any insurer or self-insured employer willfully delays payment of medical benefits for more than thirty days or willfully stops payments such insurer or self-insured employer shall pay a penalty to the division of eight percent of the amount of wrongfully withheld benefits....
>
> (b) All moneys collected as penalties by the division pursuant to this subsection (2) shall be transmitted to the state treasurer who shall credit the same to the workers' compensation cash fund created in section 8–44–112.

In *Sears v. Penrose Hospital,* 942 P.2d 1345 (Colo.App.1997), a division of this court construed § 8–43–304(1) to mean that when the gravamen of the disputed conduct is a violation of the Workers' Compensation Act, § 8–40–101, et seq., C.R.S.1998, or a violation of a rule enacted by the director, the penalty set forth in that provision applies only when the Act does not create a specific penalty for the violation. Consequently, the division determined that the specific penalty set forth in § 8–43–401(2) supersedes the general penalty provision in § 8–43–304(1) when an employer delays or stops payment of an authorized medical expense. It further observed that had the General Assembly intended to create two penalties for the late payment of medical benefits, § 8–43–401(2) would have provided that it is in addition to the penalty authorized by § 8–43–304(1).

Here, claimant argues that the exception for specific penalties in § 8–43–304(1) must be narrowly construed while the residual penalty provided for in § 8–43–304(1) must be broadly applied. Claimant maintains that such a construction gives effect to the plain meaning of the phrase "for which no penalty has been *specifically* provided" (emphasis supplied) and is consistent with the rule of *expressio unius est exclusio alterius* as described in *Regional Transportation District v. Voss,* 890 P.2d 663 (Colo.1995). Claimant further contends that the specific penalty created under § 8–43–401(2)(a) unambiguously applies to a delay in the payment of medical bills, not to the situation here, where the failure or refusal to provide medical treatment is in violation of a stipulation

reached before the PALJ. We are not persuaded.

In *Sears v. Penrose Hospital, supra,* the violation alleged was not the failure to pay medical benefits, but the failure to investigate whether the medical treatment at issue was reasonable. However, the division rejected that as the true basis for the claim of penalties, finding instead that the actual gravamen constituted the insurer's failure to pay the expenses. The division reasoned that "an underlying act or omission, such as a failure to investigate, is necessarily encompassed in the broader question whether the employer willfully delayed or stopped payment." *Sears v. Penrose Hospital, supra,* 942 P.2d at 1347.

We agree with the Panel's analysis that the conduct claimant seeks to punish concerns the employer's failure to pre-authorize payment for the physician's treatment. Therefore, as the Panel notes, the underlying basis for claimant's penalty request is the employer's failure to provide treatment at its expense. Hence, we view such failure as being related to and encompassed within the failure to pay medical benefits.

We perceive no difference, for practical purposes, between a failure to authorize and a failure to pay. Both prevent a claimant from receiving necessary treatment at employer expense. In that regard, we note that, although the treatment in *Sears v. Penrose Hospital, supra,* had been furnished, the violation alleged by the claimant in that case involved an order for continuing medical benefits.

Consequently, even if we assume, without deciding, that the parties' agreement constituted an approved order of the PALJ, the similarity in the effect of both orders satisfies us that *Sears v. Penrose, supra,* remains dispositive authority for the application of § 8–43–401(2)(a) in this matter.

We agree with the Panel that it is not impossible to assess the penalty provided for in § 8–43–401(2)(a) when the disputed conduct involves the failure to authorize treatment. As the Panel suggests, a claimant seeking to penalize an insurer for failing to pre-approve the payment of treatment may establish the amount of withheld benefits by presenting evidence from the provider as to the cost of the proposed treatment.

Because we have assumed claimant's version of facts, the determination as to which penalty statute applies is a legal question appropriate for resolution without an evidentiary hearing. Therefore, we decline employer's request for a remand of this matter to hold such a hearing.

The order is affirmed.

Judge NEY and Judge CASEBOLT, concur.